UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 25-cv-02067-KK-DTBx | Date: | October 20, 2025 |
|---|---|---|---|
| Title: | *Fermin Eduardo Medina v. General Motors LLC et al.* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Twyla Freeman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order DENYING Plaintiff's Motion to Remand [Dkt. 15]

I.
**INTRODUCTION**

On March 27, 2025, plaintiff Fermin Eduardo Medina ("Plaintiff") filed a Complaint against defendant General Motors LLC ("Defendant") in Los Angeles County Superior Court, alleging violations of California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, et seq., ("Song-Beverly Act") and the Magnuson-Moss Warranty Act ("Magnuson-Moss Act"), 15 U.S.C § 2301, et seq. ECF Docket No. ("Dkt.") 1, Ex. A, Complaint ("Compl."). On August 8, 2025, Defendant filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1446. Dkt. 1. On August 29, 2025, Plaintiff filed the instant Motion to Remand ("Motion"). Dkt. 15, Motion ("Mot.").

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons set forth below, the Court **DENIES** Plaintiff's Motion.

II.
**BACKGROUND**

On March 27, 2025, Plaintiff filed the operative Complaint against Defendant in Los Angeles County Superior Court. Compl. Plaintiff alleges on or around August 7, 2022, he bought a 2022 GMC Canyon ("Subject Vehicle"). Id. at 1. Plaintiff's claims arise from allegations the Subject Vehicle "manifested defects covered by Defendant's express written warranties," including but not

limited to "electrical and infotainment defects." Compl. at 2. Based on these allegations, the Complaint raises the following causes of action:

1. **Cause of Action One:** Violation of the Song-Beverly Act, Cal. Civ. Code § 1793.2(d);
2. **Cause of Action Two:** Violation of the Song-Beverly Act, Cal. Civ. Code § 1793.2(b);
3. **Cause of Action Three:** Violation of the Song-Beverly Act, Cal. Civ. Code § 1793.2(a)(3);
4. **Cause of Action Four:** Violation of the Song-Beverly Act, Cal. Civ. Code § 1791.1; and
5. **Cause of Action Five:** Violation of the Magnuson-Moss Act, 15 U.S.C §§ 2301-2312.

Compl. at 1-6.

On April 2, 2025, Defendant was served with the summons and Complaint. Mot. at 2. On May 16, 2025, Defendant filed an Answer to the Complaint. Dkt. 1, Ex. B.

On August 8, 2025, Defendant filed a Notice of Removal. Dkt. 1. Defendant argues removal is proper based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000. Id. at 3-6.

On August 29, 2025, Plaintiff filed the instant Motion. Mot. Plaintiff argues the matter should be remanded because Defendant failed to file the Notice of Removal within 30 days of service of the Complaint. Id. at 4-7. In support of the Motion, Plaintiff submits the Declaration of Michelle Yang, dkt. 15-1.

On September 25, 2025, Defendant filed an Opposition to the Motion. Dkt. 17.

On October 2, 2025, Plaintiff filed a Reply in support of the Motion. Dkt. 19. In support of the Reply, Plaintiff submits the Declaration of Michelle Yang, dkt. 19-1.

This matter, thus, stands submitted.

### III.
### LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction. When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties and (2) an amount in controversy over $75,000. 28 U.S.C. § 1332; see also Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 415 (9th Cir. 2018). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").

Pursuant to 28 U.S.C. § 1446(b)(1), a defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. Alternatively, if the basis for removal is not clear on the face of the complaint, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "[A]n amended pleading, motion, order, or other paper must make a ground for removal unequivocally clear and certain" to trigger 28 U.S.C. §1446(b)(3)'s 30-day deadline. Dietrich v. Boeing Co., 14 F.4th 1089, 1095 (9th Cir. 2021). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).

If neither 30-day deadline under 28 U.S.C. § 1446 applies, a defendant may "remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1125 (9th Cir. 2013). In any event, under 28 U.S.C. § 1446(c)(1), removal based on diversity jurisdiction is limited to one year after commencement of the action, unless the plaintiff has acted in bad faith.

### IV.
### DEFENDANT HAS COMPLIED WITH THE PROCEDURAL REQUIREMENTS FOR REMOVAL UNDER 28 U.S.C. § 1446

**A.     APPLICABLE LAW**

When removing a case under federal question jurisdiction, the defendant must establish the claims "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; see also Negrete v. City of Oakland, 46 F.4th 811, 816-17 (9th Cir. 2022).

Claims filed under the Magnuson-Moss Act do not trigger federal question jurisdiction unless the amount in controversy is equal to or greater than "the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in [the] suit." 15 U.S.C. § 2310(d)(3)(B); Khachatryan v. BMW of N. Am., LLC, No. 2:21-cv-01290-PA-PDx, 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021). In calculating the applicable damages for claims brought under the Magnuson-Moss Act, courts look "to the applicable state law to determine what remedies are available under the Act, which of necessity informs the potential amount in controversy." Romo v. FFG Ins. Co., 397 F. Supp. 2d 1237, 1239 (C.D. Cal. 2005) (citing Kelly v. Fleetwood Enters., 377 F.3d 1034, 1039 (9th Cir. 2004)).

In California, the applicable state warranty law is the Song-Beverly Act. Under the Song-Beverly Act, the buyer of a vehicle may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by an amount "directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). This reduction, also known as a mileage offset, is calculated by dividing the number of miles driven prior to first delivery for correction by 120,000. Id. § 1793.2(d)(2)(C). The amount of restitution may be further reduced by additional offsets for third-party optional

equipment, negative equity from prior vehicles, manufacturer's rebate, and unpaid interest or financing costs. Id. § 871.27(b)-(f).

B.   ANALYSIS

Here, the Court finds Defendant's Notice of Removal was timely.[1]  Plaintiff argues service of the Complaint on April 2, 2025 triggered the 30-day deadline for removal because the Complaint, on its face, established the "overall removability of the action." Mot. at 2. However, contrary to Plaintiff's argument, the Complaint was indeterminate on its face as to removability based on either diversity jurisdiction or federal question jurisdiction.

First, the Complaint does not indicate removability based on diversity jurisdiction. Plaintiff argues the Complaint demonstrated the amount in controversy was greater than $75,000. Mot. at 2. As Plaintiff concedes, however, the Complaint "does not allege a specific monetary figure." Mot. at 6. Nevertheless, Plaintiff argues the caption page and Civil Case Cover Sheet attached to the Complaint showed the case was filed under the state court's unlimited jurisdiction, indicating he sought over $35,000 in damages. Id. Further, Plaintiff argues Defendant was able to "ascertain an approximation of the Subject Vehicle's market value as the manufacturer and distributor of the Subject Vehicle; especially given that the make, model, year, and VIN, were included within the factual bases alleged within the Complaint." Id.

Plaintiff's assertions are insufficient to establish the Complaint unambiguously satisfied the amount in controversy requirement. The fact that Plaintiff filed an unlimited civil case in state court, standing alone, did not demonstrate the amount in controversy exceeded $75,000. See Lopez v. Gen. Motors, LLC, No. 25-cv-06549-MWF-MAAx, 2025 WL 2629545, at *2 (C.D. Cal. Sept. 11, 2025) (rejecting the same argument); see also Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 886 (9th Cir. 2010) ("The checked 'Unlimited' box on the cover sheet merely indicates that the '[a]mount demanded exceeds $25,000.'"). Furthermore, Defendant was not obligated to "make extrapolations or engage in guesswork" to determine the amount in controversy. Lopez, 2025 WL 2629545, at *3 (quoting Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1140 (9th Cir. 2013)). Even if Defendant could ascertain the value of the Subject Vehicle, the Complaint lacked sufficient information for Defendant to calculate the mileage offset and other statutory offsets under the Song-Beverly Act. See Covarrubias v. Ford Motor Co., No. 2:25-cv-00328-JLS-MAAx, 2025 WL 907544 at *3 (finding a complaint brought under the Song-Beverly Act was indeterminate as to the amount in controversy when the complaint failed to provide any information as to either the amount actually paid or the mileage offset). Hence, it was not "unequivocally clear and certain"

---

[1] In his Reply, Plaintiff argues for the first time Defendant fails to demonstrate by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. Dkt. 19 at 4-6 (characterizing Defendant's amount in controversy allegations as "[c]onclusory assertions and speculation"). While, ordinarily, "issues cannot be raised for the first time in a reply brief," Gadda v. State Bar of Cal., 511 F.3d 933, 937 n.2 (9th Cir. 2007), courts may determine subject matter jurisdiction "at any time." Fed. R. Civ. P. 12(h)(3). Here, based on Defendant's "preliminary investigation" estimating Plaintiff's actual damages under the Song-Beverly Act to be $55,286.82, dkt. 1 at 5, combined with Plaintiff's demands for civil penalties and attorney's fees, Compl. at 6, the Court finds Defendant has met its burden of satisfying the amount in controversy requirement at this stage.

from the Complaint that Defendant had grounds for removal based on diversity jurisdiction. Dietrich, 14 F.4th at 1095.

Second, the Complaint does not, on its face, indicate removability based on federal question jurisdiction. Plaintiff argues the inclusion of a federal cause of action under the Magnuson-Moss Act "formed the basis of federal question jurisdiction" when the Complaint was filed and served on Defendant. Mot. at 5. However, it was not "unequivocally clear and certain" from the Complaint that the amount in controversy exceeded the $50,000 threshold necessary to trigger federal question jurisdiction under the Magnuson-Moss Act. Dietrich, 14 F.4th at 1095. As discussed above, the Complaint did not specify the amount in controversy. Given this, Defendant had no "duty to make further inquiry" into the amount in controversy beyond the "four corners" of the Complaint. Harris, 425 F.3d at 694. Thus, because the Complaint was ambiguous on its face as to removability based on either diversity jurisdiction or federal question jurisdiction, the 30-day removal clock did not start when the Complaint was served on April 2, 2025. Hence, Defendant was permitted to file a Notice of Removal outside the 30-day period. See Roth, 720 F.3d at 1125.

Accordingly, Defendant's Notice of Removal is timely and complies with the procedural requirements for removal pursuant to 28 U.S.C. § 1446.

## V.
## CONCLUSION

For the foregoing reasons, the Court finds Defendant's Notice of Removal timely. Accordingly, Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED**.